UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――

UNITED STATES OF AMERICA

v.

OLUWASEUN ADELEKAN,
   a/k/a "Sean Adelekan,"
OLALEKAN DARAMOLA,
SOLOMON ABUREKHANLEN,
GBENGA OYENEYIN,
ABIOLA OLAJUMOKE,
TEMITOPE OMOTAYO,
BRYAN EADIE,
ALBERT LUCAS,
ADEMOLA ADEBOGUN,
LUCAS OLOGBENLA,
ADEWOLE TAYLOR, and
CURLTEN OTIDUBOR,

                  Defendants.

**3500 PROTECTIVE ORDER**

S4 19 Cr. 291 (LAP)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #
DATE FILED: 10-5-2021

      IT IS HEREBY ORDERED, upon the application of the United States of America, Audrey Strauss, United States Attorney for the Southern District of New York, by and through Daniel H. Wolf and Rebecca T. Dell, Assistant United States Attorneys, of counsel, for an order precluding the dissemination of material produced pursuant to 18 U.S.C. § 3500 and/or *Giglio v. United States*, 405 U.S. 150 (1972) ("3500 Material"), and providing additional protections to a designated subset of the 3500 Material which has been classified as "Attorney's Eyes Only" (the "Attorney's Eyes Only 3500 Material"), that:

      1.    Counsel of record, including any successor counsel, to each defendant ("Defense Counsel") must destroy or return to the Government all 3500 Material (and any copies thereof) at the latter of the conclusion of each defendant's trial in this matter or when any appeal

for that defendant has become final.

2. Defense Counsel and each defendant are precluded from disseminating any of the 3500 Material to anyone beyond the defendants, Defense Counsel, and any investigative, secretarial, clerical, and paralegal personnel, any interpreter or translator, independent expert witnesses, investigators, or advisors retained by Defense Counsel ("Defense Team") in connection with this matter.

3. Each defendant is precluded from taking or keeping any copies (paper or electronic) of the 3500 Material (except for any 3500 Material produced for law enforcement agents), whether before, during, or after trial; except that the defendants may review copies of the 3500 Material in the possession of Defense Counsel or the Defense Team, when in the presence (physically or via video-conference with screen-sharing capabilities) of Defense Counsel or a member of the Defense Team.

4. Any 3500 Material having been clearly designated as "Attorney's Eyes Only 3500 Material," including any copies thereof or excerpts therefrom, or any information contained therein, shall not be disclosed to or possessed by any defendant, and may be disclosed only to Defense Counsel and the Defense Team, until the latter of one week before that particular defendant is to commence trial or October 12, 2021. Thereafter, for that particular defendant, Attorney's Eyes Only 3500 Material shall be afforded the same protections as 3500 Material.

5. Any defendant, his Defense Counsel, and his Defense Team are precluded from publicly disclosing or disseminating the identity of any cooperating witnesses, civilian witnesses, or victim witnesses referenced in the Attorney Eyes' Only 3500 Material, until the latter of one week before that particular defendant is to commence trial or October 12, 2021.

6. The provisions of this Order shall not be construed as preventing the disclosure of any information in any motion, hearing, trial, or sentencing proceeding held in connection with the above-referenced action or to any District Judge or Magistrate Judge of this Court for purposes of the above-referenced action.

7. The provisions of this Order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

Dated:   New York, New York
         October 5, 2021

_____
THE HONORABLE LORETTA A. PRESKA
UNITED STATES DISTRICT JUDGE